No. 487
ROSENKRANTZ v. WEST et al
Ohio Appeals, 5th Dist., Knox County
No. 145. Decided Oct. 19, 1923

297. CONTRACTS—Where no time for performance is definitely set in the contract, it is presumed that it is intended to be within a reasonable time.

1229. VENDOR AND PURCHASER — Payment or tender of purchase price, after two years, is not within a reasonable time.

HOUCK, J.
Epitomized Opinion
Published Only in Ohio Law Abstract

Action for specific performance of contract and for the execution and delivery of a deed. West in 1917 agreed to sell certain real estate to Rosenkrantz for $100. Rosenkrantz took possession and paid $10 towards purchase price. The plaintiff contended that no specified time in which he was to make payments for the real estate was agreed upon. West denies this and testified that the payments were to be made $25 down and $25 thereafter each three months. West, on the 29th day of September, 1919, sold and conveyed the premises to the defendants, Wilmottes. The testimony was conflicting but the undisputed evidence was that no payment or tender had been made by Rosenkrantz to West upon the purchase price of the lots for more than two years. On appeal from the Knox Common Pleas, the Court of Appeals dismissed the plaintiff's petition and entered judgment for the defendant, holding:

1. Where no time for performance is definitely set in the contract, the presumption is that performance is to be made within a reasonable time. A period of more than two years for offer or tender of payments is not within such time as would come within the rule of payment or tender of payment "within a reasonable time."  .

Attorneys—B. E. Sapp and L. C. Stillwell, for Rosenkrantz; J. B. Graham and Columbus Ewalt, for West et; all of Mt. Vernon.

---

No. 488
EYMAN v. MEULLER
Ohio Appeals, 8th Dist., Cuyahoga County
No. 4999. Decided May 2, 1924

1283. WORKMAN'S COMPENSATION—
1. Sec. 12993 GC. prohibits employment of male children under 15 years.

2. Sec. 1465-61 GC. excludes a contract entered into in violation of this positive prohibition.

3. Acceptance of compensation is no defense to action for injuries sustained by such minors.

LEVINE, J.
Epitomized Opinion
Published Only in Ohio Law Abstract

Eyman, under fifteen years of age, was employed by Meuller, who conducted a printing establishment. Eyman's hand was crushed while feeding the press. The Industrial Commission allowed his claim and awarded $500 compensation. Eyman contends that Meuller violated statutes enacted for the protection of minors, and therefore liable for damages sustained. On trial, at the conclusion of the evidence, Meuller's motion to direct a verdict in his favor was granted. The Court of Appeals reversed the Common Pleas, holding:

1. Under 12993 GC. the employment of a minor child under fifteen years of age is prohibited, and a contract of employment in violation of this statute is not merely voidable, but void and a nullity.

2. 1465-61 GC. excludes a contract entered into in violation of a positive statutory prohibition, therefore the compensation act has no application to this case and receipt of compensation from the State Industrial Commission makes no difference.

3. The fact that the minor misrepresented his age at the time of employment, is competent for the defense to offer, but is an issuable question of fact for the jury.

4. The court committed error in directing a verdict in favor of Meuller.

Attorneys—Vickery & Vickery, for Eyman; Dowling, Dowling & Moriarty, for Meuller; all of Cleveland.